UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SYNGENTA SEEDS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> BUNGE NORTH AMERICA, INC., a New York corporation, <br><br> Defendant. | Case No. 5:11-cv-4074-MWB <br><br> **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> \*\*ORAL ARGUMENT REQUESTED\*\* <br> \*\*EXPEDITED RELIEF REQUESTED\*\* |

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Syngenta Seeds, Inc. ("Syngenta") moves the Court for a preliminary injunction. Syngenta respectfully requests that the Court schedule a hearing on its Motion for Preliminary Injunction for the earliest date available to the Court. In support of this motion, Syngenta states as follows:

1. Starting last fall, Syngenta sold American farmers a new product – Agrisure® Viptera™ corn with MIR162 ("Viptera"), a gene trait that makes the corn resistant to an unprecedented number of common insect pests. Syngenta obtained all required regulatory approvals for its Viptera products for use in the United States, as well as the import approvals recommended by the Biotechnology Industry Organization ("BIO") and National Corn Growers Association ("NCGA"): Canada and Japan. Syngenta additionally received cultivation and/or import approval for the Viptera trait in Argentina, Australia and New Zealand, Brazil, Mexico, the Philippines, Korea, Russia and Taiwan.

2. Farmers bought and planted the corn in full compliance with U.S. regulations, and performance of Viptera in the field is successful. The commercial corn crop is being harvested through early October, depending on geography.

3. At some point in July, well after the corn was planted, Bunge adopted the following Policy that categorically rejects all Viptera products at all Bunge locations:

> Please note that Bunge currently **is unable to accept** delivery of corn/soybeans produced from the following seed products for the 2011/2012 growing season:
>
> **Agrisure® Viptera™ - MIR162 (Syngenta)**
> **Plenish™ soybeans (DuPont/Pioneer)**
>
> These seed products have not received necessary international approval from major export destinations for the U.S.
> Bunge facilities are integrated into the export market, which is why the terms of Bunge's purchase contract states that Bunge will not accept grains and oil seeds containing transgenic events not approved for U.S. export markets.
> Bunge will accept a listed product once the seeds receive approval from major export markets.

(emphasis in original).

4. Bunge's position is based on the fact that Viptera has not yet received approval for import in China. But China has never been classified as a "major market" for U.S. corn export by USDA, BIO or NCGA. At the time Syngenta sold Viptera seed to its customers and when growers planted the seed, Bunge knew what export approvals Syngenta received for Viptera, and Bunge had no Chinese-export based restrictions on delivery of grain containing Viptera.

5. Bunge's categorical rejection of all Viptera grain at all Bunge locations violates the United States Warehouse Act, 7 U.S.C. § 241 *et seq*. ("USWA"), because Bunge is treating growers in an unfair and unreasonable manner and harming Syngenta in the process. It is neither fair nor reasonable for Bunge to refuse to accept Viptera-produced

corn at each and every Bunge elevator and receiving station on the basis that Viptera has not been approved for import into China. Projected exports to China amount to less than 1% of projected U.S. corn production this year.

6. Bunge also violates Iowa common law and Iowa Code § 203c.27 by categorically refusing to receive Viptera-produced corn, even though its warehouses have capacity to store it, are accustomed to receiving the corn, the offered corn is dry and in suitable condition for warehousing and storage, and tendered in the usual course of business.

7. Bunge violates 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act by posting and publicizing its Policy. Bunge's numerous false statements about Viptera and its export approvals—for example, Bunge's misrepresentations that Viptera has "not received necessary international approval from major export destinations for the U.S." and that Bunge "is unable to accept" Viptera-produced grain—are false or misleading misrepresentations of fact about Syngenta's commercial activity and in connection with Syngenta's goods and services.

8. Bunge's actions are causing immediate and irreparable harm to Syngenta. Despite the fact that Syngenta has all required regulatory approvals for its Viptera products in the United States, and has also received regulatory approvals in the major export markets, Bunge's Policy—stating the opposite—is misleading and confusing the marketplace.

9. Syngenta's reputation and goodwill with the farmers who use its products will be threatened if Bunge's grain warehouses refuse to accept Viptera-produced grain, both from the actual refusal of Bunge to accept the corn well as the perception—created by Bunge's actions—that Viptera products do not have approvals from export markets.

Bunge's actions have injured and continue to diminish the reputation of Syngenta, its brands and products.

10. Syngenta's reputation and goodwill with its product resellers will also be seriously undermined if Bunge is permitted to refuse to accept Viptera grain. Syngenta's dealers and retailers spend years developing relationships with their grower-customer base to sell Syngenta's brands more effectively to a group of farmers who are loyal to, and purchase seed and related farm products from, that dealer or retailer. Because resellers interact with numerous farmers that are end-users of Syngenta products, damaging the relationship with the reseller could cause the dealer to shift his customers to different brands.

11. Bunge's refusal to accept Viptera grain casts a shadow over the merchantability of the product and will incalculably damage sales of Viptera seed for the 2012 crop season. The sales cycle for the 2012 crop season is already underway. If the threat that Bunge warehouses will not accept Viptera corn persists, customers will not purchase those products for next year's crop.

12. Syngenta moves the Court for preliminary injunctive relief enjoining Bunge from posting and disseminating its Policy of rejecting Agrisure Viptera grain at all Bunge locations, from implementing or enforcing its Policy, from refusing to accept Agrisure Viptera-produced grain based upon the existence of the MIR162 trait in such grain, and from disseminating false or misleading statements regarding Agrisure Viptera-produced grain or the approval status of Agrisure Viptera-produced grain.

13. This motion is based upon the above paragraphs, as well as the accompanying Memorandum of Law, and the declarations and exhibits in support of the Memorandum

of Law, attached hereto and incorporated herein by reference, and also the pleadings of the above-captioned action, and the arguments to be offered at a hearing on this motion.

WHEREFORE, based on the reasons set forth in this Motion, the evidentiary material which is being contemporaneously submitted, and based on the argument and authority contained in the Brief in Support of Motion for Preliminary Injunction being filed concurrently herewith, Plaintiff, Syngenta Seeds, Inc., requests to be heard in oral argument and further requests that the Court grant the injunctive relief requested herein, in addition to any and all other relief the Court deems just, equitable, and appropriate under the circumstances.

Dated: August 26, 2011

By /s/ David A. Tank
David A. Tank (AT0007732)
Megan Flynn (AT0010000)
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 3900
Des Moines, Iowa 50309
Telephone: (515) 283-1000
Fax: (515) 283-1060
Email: tank.dave@dorsey.com
　　　　flynn.megan@dorsey.com

ATTORNEYS FOR SYNGENTA SEEDS, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 26, 2011, the foregoing instrument was electronically filed with the Court using the CM/ECF system and served upon all parties to the above case and/or to each of the attorneys of record herein at their respective addresses disclosed on the pleadings:

**By:** Electronic Service **AND/OR**

| **By:** | U.S. Mail | | FAX |
|---|---|---|---|
| | Hand | X | Overnight |
| | Delivered | | Courier |
| | E-mail | | Other |

/s/ Megan Flynn

COPIES TO:

John R. Musgrave, Esq.
THOMPSON COBURN LLP
One US Bank Plaza
505 North 7th Street
St. Louis, MO 63101
Email: jmusgrave@thompsoncoburn.com

ATTORNEYS FOR DEFENDANT
BUNGE NORTH AMERICA, INC.