IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SYNGENTA SEEDS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BUNGE NORTH AMERICA, INC., a New York corporation, <br><br> Defendant. | No. C 11-4074-MWB <br><br> **ORDER** |

This case is before me on plaintiff Syngenta's December 8, 2011, Motion Pursuant To Local Rule 56.h (Syngenta's Rule 56.h Motion) (docket no. 59). In its motion, Syngenta asserts that, while it believes that the existing record, and reasonable inferences drawn from it, are sufficient to demonstrate triable fact issues on facts actually material to Bunge's November 21, 2011, Motion For Summary Judgment As To Count I (docket no. 56), in an abundance of caution, Syngenta seeks leave to pursue additional discovery on certain issues. Somewhat more specifically, Syngenta seeks the following:

> (A) To the extent that the Court finds that "competition" is a required element of a Lanham Act claim, Syngenta be permitted the opportunity to take discovery relating to Bunge's competitive conduct, as set forth in the attached Brief and in the Brown Declaration;
>
> (B) That the Court not make any findings based on Bunge's Statements of Fact – whether or not such facts are deemed to be material to the pending Motion for Summary Judgment – without permitting Syngenta the opportunity to take such additional discovery as set forth in the attached Brief and in the Brown Declaration;
>
> (C) To the extent that the Court finds any other of Bunge's 54 Statements of Fact to be material to the case and

>not yet sufficiently disputed by record evidence to be submitted in resistance to Bunge's motion, Syngenta be permitted the opportunity to take such additional discovery as set forth in the attached Brief and in the Brown Declaration; and
>
>>(D) Such other relief as expressly provided by Fed. R. Civ. P. 56(d).

Syngenta's Rule 56.h. Motion at 3-4. On December 23, 2011, Bunge filed its Resistance To Syngenta Seeds, Inc.'s [sic] Motion Pursuant To Local Rule 56.H (docket no. 68). In its Resistance, Bunge asserts that the additional discovery that Syngenta seeks would challenge only two of the three grounds on which Bunge seeks summary judgment on Syngenta's Lanham Act claim and that the claim may be disposed of on the remaining ground. Bunge also asserts that, even on the issues on which Syngenta seeks additional discovery, no additional discovery identified by Syngenta is relevant, and Syngenta has already had adequate opportunity to develop supporting evidence. In a Reply (docket no. 72), filed January 3, 2012, Syngenta argues that discovery has, indeed, only just begun in this case; that Bunge improperly assumes that its unsubstantiated arguments make further discovery unnecessary; and that additional discovery will allow Syngenta to dispute Bunge's Statement Of Facts and to demonstrate Syngenta's entitlement to relief.

Local Rule 56.h, on which Syngenta's present motion is based, provides as follows:

>**h.    Fed.R.Civ.P.56(f) Continuance.** A request pursuant to Federal Rule of Civil Procedure 56(f) for a continuance of summary judgment proceedings must be by separate motion, filed within 14 days after service of the motion for summary judgment, and supported by affidavits, as required by Federal Rule of Civil Procedure 56(f).

N.D. IA. L.R. 56.h (2009). Since this version of the Local Rules was approved on December 1, 2009, Rule 56 of the Federal Rules of Civil Procedure was amended, *inter alia*, to place the provisions of former subdivision (f) in subdivision (d), "without

substantial change." FED. R. CIV. P. 56, Advisory Committee Notes, 2010 Amendments (effective December 1, 2010).  Subdivision (d) of Rule 56 provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d) (2010) (formerly Rule 56(f)).  Thus, this rule provides an extension of time in which to respond to a summary judgment motion in order to complete further discovery.  *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2010).  This rule facilitates the principle that "'summary judgment is proper only after the nonmovant has had adequate time for discovery.'"  *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *In re TMJ Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997)).

As the Eighth Circuit Court of Appeals explained,

> We review a district court's denial of a motion filed under Rule 56(f) [now 56(d)] for abuse of discretion.  *See Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1054 (8th Cir. 2007). "Under Rule 56(f) [now 56(d)], a party opposing summary judgment may 'seek a continuance and postpone a summary judgment decision,' but 'the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover.'" *Anuforo v. C.I.R.*, 614 F.3d 799, 808 (8th Cir. 2010) (quoting *Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir. 1999)).

*Marksmeier*, 622 F.3d at 903; *see also Ray*, 609 F.3d at 923 ("To obtain a Rule 56(f) [now 56(d)] continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)). Where an affidavit offered in support of a Rule 56(d) motion fails to meet the rule's requirements, the district court does not abuse its discretion in denying the motion for an extension of time to conduct further discovery. *Id*. A Rule 56(d) motion may also be denied, if the additional information that the movant claims it must discover is not relevant to the opposing party's grounds for summary judgment. *Ray*, 609 F.3d at 923.

There is some merit to Bunge's argument that further discovery pursuant to Rule 56(d) is not required in this case, because the questions concerning commercial speech and commercial competitor requirements of the Lanham Act claim, the content of Bunge's Sign and Policy on which the Lanham Act claim is based, confusion among grain growers about the meaning of Bunge's Sign and Policy, and Bunge's operations are ripe for summary determination without such additional discovery. At the same time, there is also merit to Syngenta's position, outlined in its supporting brief and affidavit of counsel, that some of these issues do involve disputed factual issues, as well as disputed legal issues, and that Syngenta has not yet had adequate opportunity to conduct discovery on these issues, which may be relevant either as to primary or "fallback" positions of the parties. *See* FED. R. CIV. P. 56(d) (permitting further discovery and a delay of disposition of a Rule 56 motion, if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). I am persuaded that the additional discovery sought is relevant. *See Ray*, 609 F.3d at 923. Moreover, I am persuaded that

Syngenta has adequately identified what specific facts further discovery might uncover. *Marksmeier*, 622 F.3d at 903. Also, while the matter is not specifically addressed in the parties' briefs on the need for Rule 56(d) discovery, I conclude that properly targeted discovery can be completed within a reasonably brief period of time, such that disposition of Bunge's Motion For Summary Judgment will not be unduly delayed, if I defer consideration of Bunge's Motion For Summary Judgment and allow a limited time period to obtain affidavits or declarations or to take discovery, *see* FED. R. CIV. P. 56(d)(1) and (2), and also set a deadline for the parties to supplement their submissions concerning Bunge's Motion For Summary Judgment in light of that discovery. *See* FED. R. CIV. P. 56(d)(3).

THEREFORE, plaintiff Syngenta's December 8, 2011, Motion Pursuant To Local Rule 56.h (docket no. 59) is **granted**, as follows:

1. Plaintiff Syngenta shall have **to and including April 2, 2012,** within which to conduct further discovery in support of its resistance to Bunge's November 21, 2011, Motion For Summary Judgment As To Count I (docket no. 56), concerning the following matters:

    a. whether or not Bunge competes, either directly or indirectly, with Syngenta, including whether or not Bunge's Sign and Policy constitute commercial speech;

    b. whether or not, and to what extent, the Sign posted by Bunge refusing Viptera corn and the content of other interactions with growers concerning Viptera corn are untrue or misleading;

    c. whether Bunge's facilities are integrated into the export market, the percent of Bunge's exports, Bunge's alleged inability to separate Viptera corn from

other corn or otherwise to handle such corn, and Bunge's estimate of its costs of handling Viptera corn.

2. Syngenta shall have **to and including April 23, 2012,** within which to file any supplemental response to Bunge's Statement of Facts and any supplemental resistance to Bunge's Motion For Summary Judgment, and Bunge shall have **to and including April 30, 2012,** within which to file a supplemental reply to Syngenta's supplements.

3. The court will defer consideration of Bunge's November 21, 2011, Motion For Summary Judgment As To Count I (docket no. 56) until the supplemental filings authorized in paragraph 2 have been filed.

**IT IS SO ORDERED.**

**DATED** this 4th day of January, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA